## 5217.

(Court of Appeal, Parish of Orleans.)

## GORDON S. LEVY vs. Wm. B. KOHLMAN.

Questions of fact. only are involved.

Appeal from the Civil District Court, Division "D."

Samuel Wolf, for plaintiff and appellee.

Lazarus, Michel and Lazarus, for defendants and appellants.

GODCHAUX, J.—Plaintiff sues for the recovery of compensation for services rendered in the preparation of plans and specifications for and in the supervision of the repairs and additions made to defendant's buildings in this city. The answer admits the employment but denies liability on the ground that plaintiff's work was improperly and unskillfully performed to defendant's damage, the extent of which is neither specified in the answer nor claimed by way of compensation or reconvention.

There was judgment for plaintiff as prayed for, and in this court, the defendant and appellant complains of plaintiff's work in the two particulars only now to be considered.

He charges first that during times of rain the lower floor floods both from the front and the rear. The flooding from the front is fully accounted for and was caused by the removal by the defendant during the course of construction and in spite of plaintiff's warning and protest of the awning or shed covering the front sidewalk. Plaintiff's services were rendered in connection with the repair and extension of an old building, the grade

of its lower floor (which was of cement) being several inches below that of the sidewalk. An addition to this floor was required when the building was extended in the rear, but the old pavement was allowed to remain as it was, the additional pavement being laid so as to slope to the grade of the old pavement. The flooding in the rear is attributed to this cause and it is charged that the architect was negligent in failing to specify that the old portion of the pavement should be torn up and a new pavement laid at a uniform and proper grade over the entire lower floor.

But the architect testifies, and the lower court accepted his statement as true, that the defendant refused to go to the expense of having the old pavement torn up and relaid at a uniform grade with the new, and consequently plaintiff cannot be held accountable for the defects or damage resulting from this refusal.

Defendant's second complaint is that the plaster on one of the side-walls is constantly damp from moisture and that this is due to the plaster being laid, according to specifications, directly upon wall, when in fact the specifications should have provided either for furring, lathing, or damp-proofing. Defendant's expert testified that he examined only a portion of this wall and found it damp, but presumes that the balance of the wall is in like condition.

It is not shown that complaint on this score was lodged with plaintiff prior to this suit, nor that defendant has made any attempt to remedy the defect though he has been long in possession of the premises. The cost would have been small and the inconvenience cannot be serious.

It is likewise peculiar that the other outer side wall bears no evidence of dampness though the plaster was laid on it in a similar manner. Upon the whole the evi-

dence does not satisfy the court that there exists any serious cause for complaint upon this score, nor that plaintiff is at fault in any event.

It is therefore ordered that the judgment be affirmed.

March 20, 1911.

Rehearing refused, April 17, 1911.